## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| MV PENNY, LLC d/b/a MASSAGE HEIGHTS, §<br>　　*Plaintiff* §<br>　　§<br>V. §<br>　　§<br>TWIN CITY FIRE INSURANCE COMPANY §<br>and KYLE ANDERSON, §<br>　　*Defendants* § | CIVIL ACTION NO. 5:21-cv-483 |

_____

### TWIN CITY FIRE INSURANCE COMPANY'S
### NOTICE OF REMOVAL

_____

Defendant Twin City Fire Insurance Company ("Twin City"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action: Cause No. C2021-0607C – *MV Penny, LLC d/b/a Massage Heights v. Twin City Fire Insurance Company and Kyle Anderson,* In the 247th Judicial District Court of Comal County, Texas. In support of this Notice of Removal, Twin City respectfully submits the following:

1. Plaintiff, MV Penny, LLC d/b/a Massage Heights ("Plaintiff") commenced a state court action by filing its Original Petition on April 15, 2021 (the "Complaint"), in the 247th Judicial District Court, Comal County, Texas. Plaintiff's Complaint names Twin City and Kyle Anderson ("Anderson") as defendants. Anderson was assigned to assist with adjusting Plaintiff's claim made the basis of this lawsuit. On April 20, 2021, Twin City was served by a private process server. To Twin City's knowledge, Anderson was not served with the Petition.[1]

2. Anderson does not need to consent to removal because he is improperly joined, inasmuch as Twin City has elected to accept whatever liability Anderson might have for any acts or

---

[1] Twin City and Anderson have filed a general denial in the state court litigation prior to this Notice of Removal.

omissions related to Plaintiff's claim at issue. Pursuant to TEX. INS. CODE § 542A.006(c), the action against Anderson must be dismissed with prejudice. Under the statute, Twin City's election is unconditional and irrevocable. TEX. INS. CODE. § 542A.006(e), (f). Nonetheless, and to the extent necessary, Anderson consents to removal of this action. Thus, the requirement that all defendants consent to removal is satisfied.

3.  Twin City has requested certified copies of all process, pleadings, and orders from the 247th Judicial District Court of Comal County. At this time, a copy of documents contained in the state court file is provided by Twin City's counsel as Exhibit "A."[2] On receipt, the record will be supplemented with the certified copy of the state court file.

## CITIZENSHIP

### A. MV PENNY, LLC D/B/A MASSAGE HEIGHTS

4.  The Petition avers that Plaintiff "MV Penny, LLC d/b/a Massage Heights (hereinafter 'Massage Heights'), is a Texas Limited Liability Company."[3] Based on records secured from the Texas Secretary of State, Plaintiff is a Texas Limited Liability Company whose managing members are Heather A. Huber and Holly C. Huber.[4] According to Plaintiff's Certificate of Formation for a Texas Limited Liability Company, filed on January 26, 2016, Plaintiff's governing members listed an address at 11515 Deep Meadow Drive, Houston, Texas 77064.[5] However, in September 2016, MV Penny, LLC's address was changed to 1186 Split Ridge Dr., Spring Branch, Texas 78070.[6]

---

[2] Exhibit "A" – State Court File.
[3] *Id.*, Complaint at p. 1.
[4] Exhibit "B" – Certificate of Formation and Certificate of Amendment, p. 1.
[5] *Id.*
[6] Exhibit "C" – Records in Support of Removal, pp. 1-2.

5.      Records sourced from the Comal County, Texas clerk indicate that Holly C. Huber is the current owner of the property located at 1186 Split Ridge Dr., Spring Branch, Texas 78070.[7] Records sourced from the Texas Department of Public Safety indicate that Heather A. Huber listed her residential address as 1186 Split Ridge Dr., Spring Branch, Texas 78070.[8] Furthermore, as of October 2019, voter registration records establish that both Holly C. Huber and Heather A. Huber list 1186 Split Ridge Dr., Spring Branch, Texas 78070.[9]

6.      In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. (Tex.) 2011). State of domicile—established by residence and the intent to remain—presumptively continues unless rebutted with sufficient evidence of change. *Id*. However, evidence of a person's place of residence is prima facie proof of domicile. *Id.*, quoting *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir.1954)).

7.      A key issue in *Preston* involved the domicile of several class action members, and the court noted that, in an attempt to establish citizenship, the district court could consider the "places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Preston*, 485 F.3d at 801 quoting *Acridge,* 334 F.3d at 448, quoting *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. (Tex.) 1996). The court further noted that the indicators of a person's citizenship are often a matter of public record easily accessed by attorneys and investigators. *Id*.

---

[7] *Id*. at 3.
[8] *Id*. at 4.
[9] *Id*. at 5-6.

8. Utilizing public records, Twin City has established that Heather A. Huber and Holly C. Huber are the only members of the Plaintiff limited liability company. Both are residents of Texas and both are the subject of various public records establishing presumptive evidence of their intent to remain residents of Texas. Accordingly, based on information and belief, Plaintiff is a Texas limited liability company, whose members are all citizens of Texas, making Plaintiff a citizen of Texas for diversity jurisdiction purposes.

### B. TWIN CITY FIRE INSURANCE COMPANY

9. The Complaint avers generally that "Defendant, Twin City Fire Insurance Company (hereinafter 'Twin City') is a foreign insurance company doing business in Texas."[10] In fact, Twin City is a corporation, organized under the laws of Indiana. Twin City's main administrative office and principal place of business is One Hartford Plaza, Hartford, CT 06155-0001. For diversity purposes, Twin City is a citizen of Indiana and Connecticut.

10. Anderson's citizenship should be disregarded because Twin City has elected to accept responsibility for any liability Anderson may have with respect the Plaintiff's claims in this action pursuant to §542A.006 of the Texas Insurance Code, such that Plaintiff has no valid cause of action against Anderson in this matter.

11. Twin City does not admit the underlying facts as alleged by Plaintiff in the Complaint or as summarized above. Twin City expressly denies that it has any liability to Plaintiff.

### AMOUNT IN CONTROVERSY

12. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[11] Removal is proper if it is "facially apparent" from the complaint that

---

[10] *Id.* at p. 1.
[11] 28 U.S.C. § 1446(c)(2); *see also Wilson v. Hibu, Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *2 (N.D. Tex. Oct. 28, 2013).

the claims asserted exceed the jurisdictional amount.[12] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[13]

13. The Complaint alleges that Plaintiff seeks the "unpaid cost to properly repair the water damage to Plaintiffs property . . . in the amount of $173,795.30 for its business personal property claim, $45,745.00 for its business income loss and extra expenses claim.'[14] Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## DIVERSITY JURISDICTION

14. Plaintiff is a limited liability company whose members are all Texas citizens under existing legal authority. Twin City is incorporated in Indiana with its principal place of business in Connecticut. Anderson's citizenship should be disregarded. On September 1, 2017, new provisions of the Texas Insurance Code took effect. Among them was § 542A.006, which provides that in any action to which Chapter 542A applies, "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."[15] Twin City provided written notice to Plaintiff in advance of filing this removal by correspondence dated May 20, 2021 and a Notice of Election filed in the state court proceeding on the same date.[16] The statute does not

---

[12] *John H. Carney & Assocs. v. State Farm Lloyds*, 376 F. Supp. 2d 697, 702 (N.D. Tex. 2005) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[13] *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[14] Exhibit "A" – Complaint at p. 11, subsection XI. titled "Damages."

[15] TEX. INS. CODE §542A.006. Chapter 54aA "applies to an action on a claim against an insurer or agent, including: (1) an action alleging breach of contract (2) an action alleging negligence, misrepresentation, fraud, or breach of a common law duty; or (3) an action brought under: (A) Subchapter D, Chapter 541; (B) Subchapter B, Chapter 542; or (C) Subchapter E, Chapter 17, Business & Commerce Code." TEX. INS. CODE § 542A.002. A "claim" means a first-party claim made by an insured under an insurance policy providing coverage for real property or improvements to real property that arises from damage to or loss of covered property caused, wholly or partly, by forces of nature, including an earthquake or earth tremor, a wildfire, a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm. TEX. INS. CODE § 542A.001(2).

[16] A true and correct copy of the notice is attached to this removal as Exhibit "D."

require the insurer's written notice of the election to be made in any particular form, nor does it require the insurer to take any steps other than the election in order for the court to dismiss the action against the agent.[17]  Accordingly, Plaintiff has no viable cause of action against Defendant Anderson, and no possibility of obtaining a judgment against him.  Because Defendant Anderson is improperly joined in this action, he should be dismissed and his citizenship disregarded for purposes of diversity jurisdiction.

15. Because Plaintiff is a citizen of Texas and Twin City is a citizen of Indiana and Connecticut, complete diversity of citizenship exists between the only two Parties whose citizenship should be considered for diversity purposes.

16. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## REMOVAL PROCEDURE

17. This Notice of Removal is filed within 30 days of service of Plaintiff's Original Petition,[18] and the Removal is therefore timely under 28 U.S.C. § 1446(b).  The clerk of the 247th Judicial District Court of Comal County, Texas has been provided with notice of the Removal.

18. The following related documents are attached to this amended notice and incorporated here by reference:

   a. Index of matters being filed;
   b. List of all Parties and counsel of record;
   c. Exhibit "A" – Uncertified documents contained in the state court file of Comal County, Texas (certified documents will be supplemented);
   d. Exhibit "B" – Certificate of Formation for MV Penny, LLC;

---

[17] *See generally* TEX. INS. CODE § 542A.006.
[18] And, less than 30 days from the date Twin City elected to accept responsibility for any liability Defendant Anderson might have in connection with Plaintiff's claim.

    e.  Exhibit "C" – Records in Support of Removal; and

    f.  Exhibit "D" – Twin City's written notice of election to accept responsibility for liability of Anderson.

## CONCLUSION

Based on the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Amended Notice of Removal, Twin City Fire Insurance Company and Kyle Anderson remove this case to this Court for trial and final determination.

    Respectfully submitted,

    */s/ Martin* R. Sadler
    Martin R. Sadler
    Texas Bar No.: 00788842
    Federal ID No. 18230
    Sadler@litchfieldcavo.com
    LITCHFIELD CAVO LLP
    One Riverway, Suite 1000
    Houston, Texas 77056
    Telephone:  (713) 418-2000
    Facsimile:  (713) 418-2001

    ATTORNEY-IN-CHARGE FOR
    TWIN CITY FIRE INSURANCE COMPANY

OF COUNSEL:

E. R. Hamilton
Texas Bar No.: 24068685
Federal ID No.: 1322622
HamiltonE@litchfieldcavo.com
LITCHFIELD CAVO LLP
One Riverway, Suite 1000
Houston, Texas 77056
Telephone:  (713) 418-2000
Facsimile:  (713) 418-2001

## **CERTIFICATE OF SERVICE**

      This is to certify that on this, the 20th day of May, 2021, a true and correct copy of the foregoing document was served on all known counsel of record by electronic transmission, pursuant to the Federal Rules of Civil Procedure and applicable Local Rules, as follows:

    Robert W. Loree
    rob@lhllawfirm.com
    Stephen M. Fields
    Stephen@lhIlawfirm.com
    LOREE & LIPSCOMP
    777 East Sonterra Blvd., Suite 320
    San Antonio, Texas 78258

                                              */s/ Martin* R. Sadler
                                              Martin R. Sadler