Exhibit "A"

 **CT Corporation**

# Service of Process Transmittal
04/20/2021
CT Log Number 539421657

**TO:**   Michael Johnson, Legal Assistant
The Hartford
1 Hartford Plz, HO-1-09
Hartford, CT 06155-0001

**RE:**   **Process Served in Texas**

**FOR:**   Twin City Fire Insurance Company  (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MV PENNY, LLC, etc., Pltf. vs. TWIN CITY FIRE INSURANCE COMPANY and Kyle Anderson, Pltfs. |
| **DOCUMENT(S) SERVED:** | Citation, Attachment(s), Petition |
| **COURT/AGENCY:** | Comal County - District Court, - Case # C20210607C |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/20/2021 at 12:45 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after Service |
| **ATTORNEY(S) / SENDER(S):** | Robert W. Loree Lome & Lipscomb 777 East Sonterra Blvd Suite 320 San Antonio, TX 78258 210-404-1320 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/21/2021, Expected Purge Date: 04/26/2021 |
| | Image SOP |
| | Email Notification,  Michael Johnson  MICHAEL.JOHNSON@THEHARTFORD.COM |
| | Email Notification,  Fiona Rosenberg  Fiona.Rosenberg@thehartford.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 1999 Bryan Street Suite 900 Dallas, TX 75201 |
| | 800-448-5350 MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)

 CT Corporation

**Service of Process Transmittal**
04/20/2021
CT Log Number 539421657

**TO:**   Michael Johnson, Legal Assistant
The Hartford
1 Hartford Plz, HO-1-09
Hartford, CT 06155-0001

**RE:**   **Process Served in Texas**

**FOR:**   Twin City Fire Insurance Company  (Domestic State: IN)

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / AA



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Tue, Apr 20, 2021

**Server Name:**                   Jacob Nordgren

| Entity Served | TWIN CITY FIRE INSURANCE COMPANY |
|---|---|
| Agent Name | |
| Case Number | C20210607C |
| Jurisdiction | TX |



**CIVIL CITATION-AGENT**
**THE STATE OF TEXAS**
C2021-0607C

TO: Twin City Fire Insurance Company
    Upon whom process of service may be had by serving

**CT CORPORATION SYSTEM**
**1999 BRYAN STREET, STE. 900**
**DALLAS, TEXAS 75201**

Defendant, Greeting:

YOU HAVE BEEN SUED.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org".

Said Plaintiff's ORIGINAL Petition was filed in said Court, on 15th day of April, 2021A.D. in this cause numbered C2021-0607C on the docket of said 274th District Court, and styled,

**MV PENNY, LLC D/B/A MASSAGE HEIGHTS VS. TWIN CITY FIRE INSURANCE COMPANY; KYLE ANDERSON**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL Petition, accompanying this citation, and made a part hereof.

ATTORNEY FOR PLAINTIFF:        ROBERT W. LOREE
                               777 E. SONTERRA BLVD, STE 320
                               SAN ANTONIO, TEXAS 78258

The officer executing this writ shall forthwith serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said court at New Braunfels, Texas, this the 19th day of April, 2021



HEATHER N. KELLAR
DISTRICT CLERK
COMAL COUNTY, TEXAS
199 MAIN PLAZA, SUITE 2063
NEW BRAUNFELS, TEXAS 78130

By_____, DEPUTY
                Nubia Salas

**RETURN OF SERVICE**

**CAUSE NO: C2021-0607C**

MV PENNY, LLC D/B/A MASSAGE HEIGHTS

VS

TWIN CITY FIRE INSURANCE COMPANY,KYLE ANDERSON

Executed when copy is delivered:

This is a true copy of the original citation, was delivered to defendant _____,

on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**OFFICER'S RETURN**

Came to hand on the_____day of _____, 20_____, at_____ o'clock _____M., and executed in _____ County, Texas, by delivering to each of the within named defendants, in person, a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|------|------|------------------------------------------|
|      |      |      |                                          |
|      |      |      |                                          |

And not executed as to the defendant,_____

the diligence used in finding said defendant, being:_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

FEES-Serving Petition and Copy $65.00

_____, Officer

_____, County, Texas

By: _____, Deputy

_____, Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT,**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

" My name is _____, my date of birth is _____, and my address is

_____ (First, Middle, Last)

_____.

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____County, State of _____, on the _____day of _____.

_____            _____

Declarant/Authorized Process Server            (ID # & expiration of certification)

SUBSCRIBED AND SWORN TO BEFORE ME by the said_____this the _____day of

_____ 20_____to certify which witness my hand and seal of office.

_____

Notary Public, State of Texas

Notary's Name Printed:

_____

My commission expires_____



**CIVIL CITATION**
**THE STATE OF TEXAS**
**C2021-0607C**
**274th District Court**

**KYLE ANDERSON**
**P.O. BOX 14272**
**LEXINGTON, KENTUCKY 40512**

NOTICE TO RESPONDENT: "You have been sued.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and ORIGINAL Petition, a default may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org". Said ORIGINAL Petition was filed in said Court on the 15th day of April, 2021 in this cause, C2021-0607C on the docket of said court, and styled,

**MV PENNY, LLC D/B/A MASSAGE HEIGHTS**
**VS.**
**TWIN CITY FIRE INSURANCE COMPANY; KYLE ANDERSON**

ATTORNEY FOR PETITIONER:        ROBERT W. LOREE
                                777 E. SONTERRA BLVD., STE 320
                                SAN ANTONIO, TEXAS 78258

The nature of Plaintiff's demand is fully shown by a true and correct copy of ORIGINAL Petition, accompanying this citation, and made a part hereof.

The officer executing this writ shall forthwith serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said court at New Braunfels, Texas, this 19th day of April, 2021 A.D.



HEATHER N. KELLAR
District Clerk, Comal County, Texas
199 MAIN PLAZA, SUITE 2063
New Braunfels, TX 78130

By_____, Deputy
                Nubia Salas

**RETURN OF SERVICE**
**CAUSE NO: C2021-0607C**

MV PENNY, LLC D/B/A MASSAGE HEIGHTS
VS
TWIN CITY FIRE INSURANCE COMPANY,KYLE ANDERSON

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the ____ day
of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____. Deputy

**OFFICER'S RETURN**

Came to hand on the_____day of _____, 20_____, at_____ o'clock ____M., and executed in _____ County,
Texas, by delivering to each of the within named defendants, in person, a true copy of this Citation, with the date of delivery
endorsed thereon, together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|------|------|------------------------------------------|
|      |      |      |                                          |
|      |      |      |                                          |

And not executed as to the defendant,_____
the diligence used in finding said defendant, being:_____
and the cause or failure to execute this process is: _____
and the information received as to the whereabouts of said defendant(s) being:

_____

FEES-Serving Petition and Copy $65.00                    _____, Officer
                                                         _____, County, Texas
                                                         By: _____, Deputy
                                                         _____, Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT,**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall
sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the
clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
" My name is _____, my date of birth is _____, and my address is
       (First, Middle, Last)

_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of _____.

_____            _____
Declarant/Authorized Process Server          (ID # & expiration of certification)
SUBSCRIBED AND SWORN TO BEFORE ME by the said_____this the _____day of _____
20_____to certify which witness my hand and seal of office.

                                             _____
                                             Notary Public, State of Texas
                                             Notary's Name Printed:

                                             _____
                                             My commission expires_____

C2021-0607C
4/15/2021 4:14 PM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Aubrey Knew

**CAUSE NO. C2021-0607C**

| | | |
|---|---|---|
| **MV PENNY, LLC d/b/a MASSAGE HEIGHTS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **____ JUDICIAL DISTRICT** |
| | § | |
| **TWIN CITY FIRE INSURANCE COMPANY and** | § | |
| **KYLE ANDERSON** | § | |
| | § | |
| **Defendants** | § | **COMAL COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, MV Penny, LLC d/b/a Massage Heights, files this original petition against Defendants, Twin City Fire Insurance Company and Kyle Anderson, wherein Plaintiff is seeking monetary relief over $250,000 but not more than $1,000,000. In support of this petition, Plaintiff would show this Honorable Court the following:

### I. Parties, Venue and Discovery Level

Plaintiff, MV Penny, LLC d/b/a Massage Heights (hereinafter "Massage Heights"), is a Texas Limited Liability Company and the named insured, who leases of the subject property, Massage Heights 286 Singing Oaks, Suite 101, Spring Branch, Texas 78070.

Defendant, Twin City Fire Insurance Company (hereinafter "Twin City") is a foreign insurance company doing business in Texas and can be served by serving its registered agent, C T Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

Defendant, Kyle Anderson (hereinafter "Anderson"), is a Texas licensed insurance adjuster, who can be served at P.O. Box 14272, Lexington, Kentucky 40512.

The venue of this case is proper in Comal County, Texas under Sections 15.002 and 15.032 of the Texas Civil Practices and Remedies Code and Section 17.56 of the Deceptive Trade Practices-Consumer Protection Act (hereafter the "DTPA").

Plaintiff intends to conduct discovery in this case under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II. Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that Defendants or their agents, officers, servants, employees, or representatives did such act or thing. They were also done with the full authorization or ratification of Defendants or done in the normal routine, course, and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

## III. Conditions Precedent

All conditions precedent to recovery have occurred or been performed.

## IV. Facts of the Case

Plaintiff leases the commercial property located at 286 Singing Oaks, Suite 101, Spring Branch, Texas, from SH-DJL Development, LLC (hereinafter "landlord"). The lease required Plaintiff to insure the leasehold improvements that it made in finishing out the leased property. Under the lease, Plaintiff was also responsible for repairs to the improvements in the leased space. The lease did not require that the landlord insure those improvements and the landlord was not responsible for rebuilding Plaintiff's improvements in the event of a loss. As a result, Plaintiff purchased a Spectrum Business Owner's Insurance Policy from Twin City (Policy Number 65SBAAA7573SC) to cover these improvements, its business personal property losses, and any business income losses to the Massage Heights Spa for the policy period of June 18, 2019 to June 18, 2020.

On or about April 7, 2020, during the subject policy period, a water main failed in the attic space of an adjacent business causing substantial water leaking into Plaintiff's leased space and water damage to Plaintiff's improvements and business personal property. Plaintiff immediately reported this loss to Twin City and its agents, who assigned this loss the claim

2

number of CP0018692237, with a date of loss of April 7, 2020. Twin City assigned this loss to Hartford's adjuster, Brandon Sullivan, to investigate.

On April 7, 2020, Plaintiff hired Puroclean Disaster First Response (hereinafter "Puroclean") for emergency interior water remediation services, including water extraction, structural drying out of the leased space, and to inspect and document the water damage to Plaintiff's leasehold improvements and business personal property. From April 7, 2020 to April 13, 2020, Puroclean performed water extraction services on all the rooms located in Plaintiff's leased space, opened up every wall space to tear out wet insulation, tore out wet drywall from the affected rooms, removed vinyl coverings, detached built-ins as necessary, and placed blowers and other equipment throughout the property to dry things out. At the time of the initial inspection, Puroclean documented that over 1 inch of water was present across the entire space and water was spilling out of the front and back doorways. Puroclean determined that the water main failure flooded the subject leasehold with Class 2 type water, which is gray water that contains contaminants that can cause illness and requires thorough remediation. The standing water also wicked up the walls of the leasehold almost 24 inches in several areas and saturated the materials in the interior and exterior walls of the building. In an April 14, 2020 estimate, Puroclean also noted that numerous rooms in the unit, as well as electrical floor outlets, franchise-specific custom retail displays, cabinets, fixtures, utility closet sink cabinet, control pedals for 11 massage tables, flooring, and exterior and interior walls had sustained water damage as a result of the subject water main failure, which is a covered loss under Plaintiff's insurance policy with Twin City.

On April 9, 2020, Plaintiff's IT support company, MediaGroup343, inspected the property to determine why its computer system and security cameras were not working after the plumbing leak. MediaGroup343 found the computer system's backup battery and security cameras had sustained water damage causing the entire system to fail. In an April 29, 2020

estimate, MediaGroup343 determined that the reasonable and necessary costs to replace the water damage to Plaintiff's computer system and security cameras was $13,335.99.

On April 20, 2020, Plaintiff also hired a Texas licensed public insurance adjuster, Gary Pennington of Blackstone Claim Service, LLC (hereinafter "Blackstone"), to assist it with the proper adjustment and payment of its insurance claim. On April 21, 2020, Blackstone thoroughly inspected and photographed the water damage to Plaintiff's property. Blackstone noted that the drywall, batt insulation, floor outlets, vinyl floors, wood floors, baseboards, cove base molding, custom cabinets, custom shelving, countertops, commercial doors, commercial-grade lockset, and paint had sustained substantial water damage as a result of the April 7, 2020 plumbing leak. Blackstone also specifically noted that Plaintiff's medical-grade supplies and Dermalogica inventory for massages and related services, as well as its computers, battery backups, and security camera systems, were also damaged and need to be replaced. Blackstone determined to properly repair and/or replace the water damaged floors and walls throughout the affected areas, Plaintiff's custom cabinets, shelving, countertops, doors, and signs need to be removed, as they are attached to both the floor and walls. In an April 24, 2020 estimate, Blackstone determined that the reasonable and necessary cost to properly repair/replace the water damage to Plaintiff's leasehold improvements and business personal property was $431,899.06.

In a May 4, 2020 email to Brandon Sullivan, Blackstone notified Twin City's adjuster that its investigation on the water damage to Plaintiff's business personal property was complete. Blackstone also submitted estimates, photographs, and Plaintiff's signed sworn statement and proof of loss in the amount of $424,875.40 for the total cost of repairs, which exceeded Plaintiff's policy limit for its business personal property coverage. Blackstone also provided documentation attesting to the full cost of leasehold improvements paid by Plaintiff in the amount of $323,435.76.

In a May 4, 2020 email response, Sullivan asked Blackstone if Plaintiff's business personal property was still available for inspection. That same day, Blackstone notified Sullivan

4

that the property was still available for inspection. Blackstone also requested that the inspection be completed as soon as possible because it had been over a month since the date of loss and no one from Twin City had yet indicated a desire to inspect the water damaged property. Blackstone also told Twin City that Plaintiff was eager to begin repairs so that its business could reopen. Thereafter, Twin City reassigned the claim to its adjuster, Kyle Anderson.

Anderson then retained a building consultant, Morgan Reagan of J.M. Reagan Consulting, Inc. (hereinafter "Reagan"), to inspect the property and provide an estimate for the cost of repairs to Plaintiff's business personal property and leasehold improvements due to the April 7, 2020 water damage. Plaintiff believes that Twin City and Anderson hire consultants like Reagan because they are biased for insurers and know that these consultants will provide them with biased and low-balled estimates on which they can deny or underpay an insured's water damage insurance claim.

On May 6, 2020, Reagan inspected Plaintiff's property. Even though he noted extensive water damage to Plaintiff's cabinetry, drywall, electrical system, carpet flooring, vinyl flooring, insulation, HVAC system, doors, light fixtures, and commercial equipment in the property, Reagan still provided a low-balled estimate for this damage. True to form, in a May 19, 2020 estimate, Reagan misrepresented the water damage to the subject property and estimated the replacement cost value of the water damage repairs to Plaintiff's property at only $168,780.16, less recoverable depreciation of $3,982.67 for an actual cash value amount of only $164,797.49

In a May 15, 2020 letter, Anderson admitted that Reagan had found water damage to Plaintiff's business personal property, which include their leasehold improvements. Concerning the leasehold improvements, however, Twin City, Anderson, and their consultant improperly noted that Plaintiff only paid 76% of the total leasehold improvements. Therefore, Twin city and Anderson concluded in their letter that Reagan's estimate actual cost value of $164,797.49 should be decreased by 24% (the alleged amount of improvement paid for by SH-DJL's allowance of $30 per square foot on the leasehold improvements) and less Plaintiff's policy

deductible of $1,000 for a net claim of $124,246.09. Nowhere in Plaintiff's policy, however, is there is a formula or provision to justify the 24% decrease in payment by Twin City and Anderson of Plaintiff's replacement cost coverage. Twin City's policy specifically provides that the insured will pay "Improvements at the replacement cost if you make the repairs promptly . . . caused by or resulting from a covered cause of loss." Nonetheless, Twin City and Anderson misrepresented Plaintiff's insurance policy and the coverage provided therein in violation of Sections 541.060 and 541.061 of the Texas Insurance Code.

In the May 15, 2020 letter, Anderson rejected Plaintiff's $424,875.40 proof of loss because Defendants alleged that they did not have sufficient information to complete their adjustment of Plaintiff's water damage claim. Anderson also stated that they had retained Loss Solution Group to complete the investigation into Plaintiff's claim for water damages to its I.T. system, supply order from the Summit Franchise, Dermalogica inventory, and the employee labor hours for removing and packing inventory and office items.

On May 19 and 20, 2020, Defendants issued checks to Blackstone for $109,837.72 for the water damage to Plaintiff's business personal property damage, and $14,408.37 to Puroclean for its emergency water mitigation services. Defendants also issued an additional check under Plaintiff's policy's stretch coverage for $20,000. Upon further review of Plaintiff's documentation, including paid invoices for Plaintiff's leasehold improvements, Defendants issued a supplemental payment of $7,056.62.

On July 2, 2020, Defendants issued an advanced payment of $10,000 for Plaintiff's business Income and extra expenses claim. In an August of 2020 email, Anderson notified Blackstone that a review of Plaintiff's business income loss and extra expenses claim was complete. Defendants determined that Plaintiff's business income loss amount for the period of April 9, 2020 to June 3, 2020 was only $4,532. Anderson noted that even though Defendants' accountants calculated Plaintiff's projected lost revenue amount at $55,745.00, Defendants concluded that because of the Covid-19 restrictions $51,213 of the $55,745 lost revenue are a

6

non-continuing expense. However, as shown in Plaintiff's profits and loss statements for January – March 2020, Plaintiff has incurred and continues to incur a substantial loss of business income and additional expenses in the amount covered under its policy. To date, Defendants have failed and refused to pay Plaintiff for the actual damages sustained to Plaintiff's business personal property and loss of business income and expenses that are covered by its policy.

## V.  Causes of Action for Breach of Contract

Plaintiff incorporates all of the allegations in this petition in support of this cause of action. According to the insurance policy that Plaintiff purchased, Defendants have the duty to investigate and pay Plaintiff policy benefits for claims made for water damage to the Massage Heights Spa. Plaintiff has paid all the premiums for these policies and otherwise fully performed. As a result of this water damage, which is covered under Plaintiff's insurance policies with Twin City, Plaintiff has suffered extensive property and business personal property damage. Twin City has breached these contractual obligations and the subject insurance policy by failing to timely and properly pay Plaintiff policy benefits for the cost to properly repair the water damage and related items to the Massage Heights Spa as described herein. As a result of these breaches of contract, Plaintiff has suffered the damages that are described in this petition.

## VI. Causes of Action for Violation of Chapter 542 of the Texas Insurance Code

Twin City's and its adjusters' conduct that is described in this petition violates Chapter 542 of the Texas Insurance Code. Within 15 days after the receipt of either actual or written notice of Plaintiff's water damage claim, Twin City did not request from Plaintiff any items, statements, and forms that it reasonably believed at that time would be required from Plaintiff for this damage and loss. As a result, Twin City has violated Chapter 542 by failing to accept or reject Plaintiff's claim in writing within 36 days after receiving either actual or written notice of its claim. Twin City has also violated Section 542.058 by failing to properly pay Plaintiff's claim within 75 days after it received either actual or written notice of the claim or within 60 days after

7

any other applicable statutory period. In the event it is determined that Twin City owes Plaintiff any additional monies, then Twin City has automatically violated Chapter 542 of the Texas Insurance Code. For these violations, Twin City owes Plaintiff the 18% per annum interest as damages for its failure to timely pay the amounts that it did pay and for any unpaid amount under Section 542.060 of the Texas Insurance Code plus reasonable attorney's fees, prejudgment interests, and court costs.

## VII. DTPA Causes of Action

Plaintiff incorporates all the allegations in this petition for these causes of action against Defendants, Twin City and Anderson, under the provisions of the DTPA. Plaintiff has met all conditions precedent to bringing these causes of action against these Defendants. Specifically; these Defendants' violations of the DTPA include, without limitation, the following matters:

A.   By their acts, omissions, failures, and conduct that is described in this petition, Defendants Twin City and Anderson have violated Sections 17.46(b)(5), (7), (12), and (20) of the DTPA. In this respect, Defendants' violations include, without limitation: (1) Twin City's and Anderson's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim; (2) their failure to properly investigate Plaintiff's claim; (3) Defendants' use of biased adjusters and consultants to obtain result-oriented estimates and reports to assist the insurer in low-balling Plaintiff's insurance claim; (4) their failure to pay for the proper repair of Plaintiff's property after Defendants' liability had become reasonably clear; and (5) Defendants' misrepresentations as described in this petition;

B.   As described in this petition, including the referenced misrepresentations, Defendants Twin City and Anderson represented to Plaintiff that the subject insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

C.   As described in this petition, including the referenced misrepresentations, Defendants Twin City and Anderson represented to Plaintiff that the subject insurance policy and their adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D.   As described in this petition, including the referenced misrepresentations, Defendants Twin City and Anderson represented to Plaintiff that the subject insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

8

E. By representing that Defendants would pay to repair the water damage and then not doing so, Defendants have violated Sections 17.46(b)(S), (7), and (12) of the DTPA;

F. Defendants have breached an express warranty that the damage caused by water would be covered under the subject insurance policy. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

G. Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct give Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

H. Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.5O (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants Twin City and Anderson are a producing cause of Plaintiff's damages that are described in this petition.

## VIII. Causes of Action for Unfair Insurance Practices

Plaintiff incorporates all of the allegations in this petition for these causes of action against Defendants Twin City and Anderson under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By their acts, omissions, failures, and conduct, Defendants Twin City and Anderson have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' failures to properly investigate Plaintiff's claim. They also include Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and their failure to pay for the proper repair of Plaintiff's property on which their liability had become reasonably clear. They further include Defendants' use of biased adjusters and consultants to obtain result-oriented estimates and reports to assist the insurer in low-balling Plaintiff's insurance claim and the misrepresentations described in this petition. In addition, Defendants failed to look for coverage and give Plaintiff the benefit of the doubt.

Anderson specifically knew or should have known that Plaintiff's damages were at or near the policy limits due to the severity of the April 7, 2020 incident. Despite this knowledge, Anderson unreasonably delayed the adjustment and payment of Plaintiff's claims even though liability had become reasonably clear. Anderson also misrepresented to Plaintiff pertinent policy provisions relating to coverage of Plaintiff's improvements and business income loss in violation of Sections 541.060(a) and 541.061 of the Texas Insurance Code. Anderson's delay in effecting a prompt, fair, and equitable settlement in stringing payments out and misrepresenting coverage under the policy resulted in the delay of the repairs and Plaintiff's sustaining further economic losses. In addition, Defendants Twin City and Anderson are guilty of the following unfair insurance practices:

A.  Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.  Engaging in unfair claims settlement practices;

C.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.  Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim on which Defendants' liability has become reasonably clear;

E.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.  Refusing to properly pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.  Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of Plaintiff's proof of loss and for the partial payment;

Twin City has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages.

### IX. Causes of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, Twin City has breached its common law

duty of good faith and fair dealing by partially denying Plaintiff's claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for its denial. Twin City has also breached its duty by unreasonably delaying payment of Plaintiff's claim and by failing to settle Plaintiff's claim because Twin City knew or should have known that it was reasonably clear that the claim was covered. This conduct of Twin City is the proximate cause of Plaintiff's damages.

## X. Waiver and Estoppel

Defendants have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters to Plaintiff concerning the Massage Heights Spa.

## XI. Damages

The above-described acts, omissions, failures, and conduct of Twin City and Anderson has caused Plaintiff's damages, which include, without limitation, the unpaid cost to properly repair the water damage to Plaintiff's property from the April 7, 2020 water main failure in the amount of $173,795.30 for its business personal property claim, $45,745.00 for its business income loss and extra expenses claim, other improperly withheld benefits for depreciation, taxes, and permits, plus any investigative fees or costs incurred during the adjusting process. Plaintiff is also entitled to recover this unpaid amount plus the eighteen percent per annum interest on that amount and on all other untimely payments by Twin City as damages under Section 542.060 of the Texas Insurance Code against Twin City. All of the damages described in this petition are within the jurisdictional limits of the Court.

## XII. Additional Damages

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional

damages under Section 17.50(b)(1) of the DTPA and Chapter 541 of the Texas Insurance Code.

## XIII. Exemplary Damages

Twin city's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally and with "malice" and "gross negligence" as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Twin City are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Twin City for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XIV. Attorneys' Fees

As a result of the Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code; Chapters 541 and 542 of the Texas Insurance Code; and Section 17.50 of the DTPA

## XV. Objection to Assignment to an Associate or Retired Judge

Plaintiff objects to the referral of this case to an associate or retired judge for the hearing on any motion in this case or for a trial on the merits.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a *trial by jury* and also requests that on the final hearing in this case, the court award Plaintiff a judgment against Defendants for the following:

    A. Actual, economic, consequential, additional, and exemplary damages in an amount within the jurisdictional limits of the court;

    B. The 18% per annum interest as damages under Chapter 542 of the Texas Insurance Code on all unpaid amounts and for Twin City's late payments;

C.  Reasonable attorneys' fees through trial and on appeal;

D.  Pre-judgment and post-judgment interest as provided by law;

E.  Costs of court; and

F.  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*Loree & Lipscomb*
777 East Sonterra Blvd., Suite 320
San Antonio, Texas 78258
Telephone: (210) 404-1320
Facsimile:  (210) 404-1310


By: */s/ Robert W. Loree*
Robert W. Loree
State Bar No. 12579200
rob@lhllawfirm.com
Stephen M. Fields
State Bar No. 24096598
Stephen@lhllawfirm.com

Attorneys for Plaintiff

13